COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
DEVON HANLEY COOK (262626) (dhanleycook@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
TWITTER, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILFORD RANEY, as an individual, and on behalf of the others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:15-cv-04191-WHA<br><br>**DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS**<br><br>Date:         January 28, 2016<br>Time:        8:00 a.m.<br>Courtroom: 8 (19th Floor)<br>Judge:       Hon. William Alsup<br>Date:         Not yet set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

**Table of Contents**

Page

NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS ............................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1
I. INTRODUCTION ..................................................................................................... 1
II. BACKGROUND ....................................................................................................... 3
    A. Plaintiff's Complaint .................................................................................... 3
    B. The Supreme Court's Pending Decision in *Spokeo* ................................... 4
III. ARGUMENT ............................................................................................................ 5
    A. Legal Standard ............................................................................................. 5
    B. This Action Should Be Stayed Pending the *Spokeo* Decision ................... 5
        1. *Spokeo* may result in a dispositive standing defense that moots the bulk of Plaintiff's claims ................................................................. 5
        2. A stay pending the *Spokeo* decision would be consistent with this Court's precedents and avoid unnecessary hardship to Twitter .................. 8
        3. Plaintiff suffers no prejudice from a temporary stay ................................ 10
IV. CONCLUSION ....................................................................................................... 11

# Table of Authorities

**Page(s)**

**Cases**

*Alvarez v. T-Mobile USA, Inc.*,
   No. CIV 2:10-2373 WBS, 2010 WL 5092971 (E.D. Cal. Dec. 7, 2010)...................9

*Boise v. ACE USA, Inc.*,
   No. 15-Civ-21264-COOK/TORRES, 2015 U.S. Dist. LEXIS 87200 (S.D. Fla.
   July 6, 2015)..................................................................................................................6

*Busk v. Integrity Staffing Solutions, Inc.*,
   713 F.3d 525 (9th Cir. 2013)..................................................................................8, 9

*Canal Properties LLC v. Alliant Tax Credit V, Inc.*,
   No. C04-03201 SI, 2005 U.S. Dist. LEXIS 49366 (N.D. Cal. June 29, 2005)..........9

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962)....................................................................................5

*Duchene v. Westlake Servs., LLC*,
   No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269 (W.D. Pa. Oct. 13, 2015) ...................6, 10

*FormFactor, Inc. v. Micronics Japan Co.*,
   No. CV-06-07159 JSW, 2008 U.S. Dist. LEXIS 13114 (N.D. Cal. Feb. 11,
   2008) ........................................................................................................................9

*Frlekin v. Apple, Inc.*,
   No. C 13-03451 WHA, 2014 U.S. Dist. LEXIS 74226 (N.D. Cal. May 30,
   2014) ........................................................................................................................8

*In re Google, Inc. Gmail Litig.*,
   No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 172784 (N.D. Cal. Sept. 26,
   2014) ........................................................................................................................8

*In re Google, Inc. Privacy Policy Litig.*,
   No. C 12-01382 PSG, 2012 U.S. Dist. LEXIS 183041 (N.D. Cal. Dec. 28,
   2012) ........................................................................................................................3

*Gray v. Gerber Prods. Co.*,
   No. 5:12-CV-01964-LHK, 2012 U.S. Dist. LEXIS 131076 (N.D. Cal. Sept. 12,
   2012) ........................................................................................................................5

*Gustavson v. Mars, Inc.*,
   No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10,
   2014) ......................................................................................................................10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-ii-

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

# Table of Authorities
## Continued

**Page(s)**

*Heinrichs v. Wells Fargo Bank, N.A.*,
  No. C 13-05434, 2014 U.S. Dist. LEXIS 72713 (N.D. Cal. Apr. 15, 2014) ..............................8

*Hillson v. Kelly Servs., Inc.*,
  No. 2:15-CV-10803, 2015 U.S. Dist. LEXIS 97958 (E.D. Mich. July 15, 2015) ......................7

*In re iPhone Application Litig.*,
  No. 11-MD-2250-LHK, 2011 U.S. Dist. LEXIS 106865 (N.D. Cal. Sept. 20,
  2011) ..........................................................................................................................................3

*LaCourt v. Specific Media, Inc.*,
  No. SACV 10-1256-GW, 2011 U.S. Dist. LEXIS 50543 (C.D. Cal. Apr. 28,
  2011) ..........................................................................................................................................4

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................................5, 8

*Larson v. Trans Union, LLC*,
  No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459 (N.D. Cal. June 26,
  2015) ..........................................................................................................................................6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ..................................................................................................10

*Lopez v. Am. Express Bank, FSB*,
  No. CV 09-07335 SJO MANX, 2010 WL 3637755, (C.D. Cal. Sept. 17, 2010) .......................9

*Mazza v. American Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ......................................................................................................7

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ................................................................................................5, 9

*Munoz v. PHH Corp.*,
  No. 1:08-cv-0759, 2011 U.S. Dist. LEXIS 102066, (E.D. Cal. Sept. 8, 2011) ..........................7

*Murphy v. J.B. Hunt Transp. Servs.*,
  No. C 10-01568 WHA, 2010 U.S. Dist. LEXIS 109588, (N.D. Cal. Oct. 5,
  2010) (Alsup, J.) .......................................................................................................................11

*Provo v. Rady Children's Hosp. San Diego*,
  No. 15cv0081 JM(BGS), 2015 U.S. Dist. LEXIS 100491, (S.D. Cal. July 29,
  2015) ....................................................................................................................................6, 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

**Table of Authorities**
**Continued**

Page(s)

*Ramirez v. Trans Union, LLC*,
  No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692 (N.D. Cal. June 22,
  2015) ...........................................................................................................................7, 11

*Robins v. Spokeo, Inc.*,
  No. CV10-05306 ODW, 2011 U.S. Dist. LEXIS 158036 (C.D. Cal. Sept. 19,
  2011) ....................................................................................................................................4

*Robins v. Spokeo, Inc.*,
  742 F.3d 409 (9th Cir. 2014) ................................................................................................3

*Salvatore v. MicroBilt Corp.*,
  No. 4:14-CV-1848, 2015 U.S. Dist. LEXIS 110025 (M.D. Pa. Aug. 20, 2015) ...................7

*San Diego Padres Baseball P'ship v. United States*,
  No. 99-CV-0828 W (LSP), 2000 U.S. Dist. LEXIS 10987, (S.D. Cal. July 13,
  2000) ..................................................................................................................................10

*Spokeo, Inc. v. Robins*,
  No. 13-01339 (U.S. Apr. 27, 2015) .............................................................................. *passim*

*Stone v. Sterling Infosystems, Inc.*,
  No. 2:15-cv-00711-MCE-DAD, 2015 U.S. Dist. LEXIS 99161 (E.D. Cal. July
  28, 2015) ..............................................................................................................................7

**Statutes**

18 U.S.C. § 2510 ............................................................................................................................3

Cal. Penal Code § 630 ....................................................................................................................3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

## NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS

PLEASE TAKE NOTICE that on January 28, 2016, at 8:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 8 (19th Floor) of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, defendant Twitter, Inc. ("Twitter") will and hereby does move this Court for an order staying this action ("Motion") pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-01339.

Twitter's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and other pleadings in support of the Motion, the accompanying Declaration of Audrey J. Mott-Smith, the Request for Judicial Notice filed concurrently herewith, all pleadings on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Twitter respectfully requests that the Court issue a temporary stay of proceedings in this matter pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, which was heard on November 2, 2015 and will likely be decided by June 2016. *Spokeo* involves the precise question that will determine whether Plaintiff has standing to proceed in this action:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

(Question Presented, *Spokeo, Inc. v. Robins*, No. 13-01339 (U.S. Apr. 27, 2015), available at http://www.supremecourt.gov/qp/13-01339qp.pdf.)  If the Supreme Court answers that question in the negative, Plaintiff's claims of improper wiretapping under the Federal Wiretap Act and the California Invasion of Privacy Act will be dismissed for lack of jurisdiction because he alleges no concrete injury or other basis for Article III standing beyond the alleged statutory violations at issue.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

With the Supreme Court poised to address this question, which will clarify the correct standard that must be applied to the critical threshold issue of standing, it makes little sense to proceed with the case now. Indeed, it would be a significant waste of time, effort, and resources for the Court and parties to litigate this case—which will entail resolving potentially multiple rounds of motions to dismiss, and (if any claims survive) engaging in fact and expert discovery, and resolving complex class certification issues—only to find out that Plaintiff has no standing after the Supreme Court rules in *Spokeo*. And, even if the Supreme Court's ruling does not bar Plaintiff from proceeding altogether, it is very likely that significant aspects of the case would have to be revisited in light of the Court's ruling. For example, Plaintiff may seek to amend the Complaint to account for a new Article III standard, or a new round of class certification briefing may be needed to address how *Spokeo* impacts the viability of Plaintiff's proposed classes. A stay pending resolution of *Spokeo* prevents wasted and duplicative efforts while ensuring that the case can proceed efficiently and with certainty as to the applicable legal standards.

Plaintiff will suffer no prejudice from a temporary stay. Plaintiff has just filed this lawsuit. At this initial stage, a stay will in no way impact Plaintiff's ability to proceed with the litigation—if his claims remain viable after the Supreme Court's decision. Moreover, the anticipated stay will likely last for no longer than four months from the hearing on this Motion. A decision in *Spokeo* could be issued any time after the November 2, 2015 argument, and is expected by June 2016 at the latest.[1] Staying the case for this limited time will not prejudice Plaintiff and will avoid wasting the Court's and the parties' time, effort, and resources in litigation for the next several months, which may ultimately become pointless or need to be substantially redone.

For all these reasons, Twitter respectfully requests that the Court stay further proceedings in this case until the Supreme Court issues its ruling in *Spokeo*.

---

[1] The last session of the Court's October 2015 Term is currently set for June 27, 2016. *See* http://www.supremecourt.gov/oral_arguments/2015TermCourtCalendar.pdf.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

## II. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his class action complaint against Twitter on September 14, 2015, alleging that the automated processing of messages in Twitter's Direct Message communications service violates the Wiretap Act, 18 U.S.C. §§ 2510 *et seq*. (the "Wiretap Act") and its state law counterpart, California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq*. ("CIPA"). (Dkt. No. 1.) After Twitter informed Plaintiff's counsel on September 24, 2015 of its intention to file this motion in light of the *Spokeo* decision, Plaintiff shortly thereafter filed an amended complaint, in which the only substantive changes involved adding a new claim of intrusion upon seclusion under California's common law. (Declaration of Audrey Mott-Smith Decl. ¶¶ 5-6.) This newly asserted claim does not rest on any factual allegations different from the state and federal wiretapping claims, although the elements Plaintiff needs to establish such a claim are distinct from those under wiretapping laws.

Plaintiff does not allege that he suffered actual damages or any other concrete harm from the practices in dispute. As to his wiretapping claims, Plaintiff relies solely on Twitter's alleged violations of the Wiretap Act and CIPA as his basis for Article III standing. (FAC ¶¶ 67, 79.)

While Twitter contends (and the *Spokeo* petitioners assert) that Article III standing cannot be based solely on a statutory violation where a plaintiff alleges no concrete injury, current Ninth Circuit precedent holds to the contrary. In *Robins v. Spokeo, Inc.*, the Ninth Circuit held that because "a plaintiff can suffer a violation of the statutory right without suffering actual damages," alleged violations of such statutory rights could satisfy the injury-in-fact requirement for Article III standing, despite the lack of concrete harm. 742 F.3d 409, 413-14 (9th Cir. 2014). Before the Ninth Circuit adopted this rule, courts in this District routinely dismissed privacy claims when plaintiffs were unable to articulate concrete injuries from the challenged conduct. *See, e.g.*, *In re iPhone Application Litig.*, No. 11-MD-2250-LHK, 2011 U.S. Dist. LEXIS 106865, at *17 (N.D. Cal. Sept. 20, 2011) (allegations regarding the "collection and tracking of [plaintiffs'] personal information," without more, were insufficient to state an Article III injury); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 U.S. Dist. LEXIS 183041, at *14-15 (N.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

Dec. 28, 2012) (dismissing complaint where plaintiffs "have not identified a concrete harm from the alleged combination of their personal information across Google's products . . . sufficient to create an injury in fact"); *see also LaCourt v. Specific Media, Inc.*, No. SACV 10-1256-GW (JCGx), 2011 U.S. Dist. LEXIS 50543, at *12 (C.D. Cal. Apr. 28, 2011) (plaintiffs failed to adequately allege injury in fact because they provided no facts showing they "ascribed an economic value" to their personal information, attempted a value-for-value exchange of the information, or were deprived of its value).[2] This case is indistinguishable from those earlier cases in terms of Plaintiff's failure to allege concrete injury. The viability of Plaintiff's wiretapping claims, and the jurisdiction of this Court as to those claims, could well be decided by the Supreme Court in *Spokeo*.

### B. The Supreme Court's Pending Decision in *Spokeo*

On April 27, 2015, the Supreme Court granted certiorari in *Spokeo*. On its face, the question presented in *Spokeo* implicates *all* federal statutes authorizing a private right of action, including the Wiretap Act. As Spokeo argued in its petition for writ of certiorari, the issue presented on its appeal will "resolv[e] the same constitutional issue as it arises under many more federal statutes," including the Wiretap Act.[3] Given the reach of the issue presented on appeal, numerous legal commentators and amici curiae have observed that the Supreme Court's decision will have a profound impact on the viability of lawsuits (including class actions) that rely on statutory violations – state or federal – as the basis for Article III standing.[4]

---

[2] In *Spokeo*, the district court dismissed the plaintiff's complaint under the Fair Credit Reporting Act because plaintiff did not plead injury in fact beyond the statutory violation. *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW (AGRx), 2011 U.S. Dist. LEXIS 158036, at *1 (C.D. Cal. Sept. 19, 2011).

[3] Br. for Pet. at 16-18 & n.17, available at http://sblog.s3.amazonaws.com/wp-content/uploads/2014/05/13-1339-Spokeo-v-Robins-Cert-Petition-for-filing.pdf. The Petitioner's brief also notes that the decision in *Spokeo* may impact state privacy statutes in federal court. *Id.* at 18-19 & n.19.

[4] Forty-four amicus briefs have been filed in Spokeo, attesting to the importance of the case. This includes an amicus brief filed by eBay Inc., Facebook, Inc., Twitter, Inc., IAC/InteractiveCorp., LinkedIn Corp., Netflix, Inc., Twitter, Inc., Yahoo! Inc., the Consumer Electronics Association, Digital Content Next, and the Internet Association in support of Petitioner Spokeo.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

Briefing has been completed in *Spokeo*, oral argument occurred on November 2, 2015,[5] and based on the Supreme Court's customary practice, a decision is expected no later than June 2016.

### III. ARGUMENT

#### A. Legal Standard

It is well-settled that "[a] district court has the inherent power to stay its proceedings." *Gray v. Gerber Prods. Co.*, No. 5:12-CV-01964-LHK, 2012 U.S. Dist. LEXIS 131076, at *2 (N.D. Cal. Sept. 12, 2012) (citation omitted). As the Ninth Circuit has explained:

> [A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court."

*Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quotation omitted). In determining whether a stay is appropriate, courts should consider three factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party must suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). As demonstrated below, this case easily meets all three factors.

#### B. This Action Should Be Stayed Pending the *Spokeo* Decision.

##### 1. *Spokeo* may result in a dispositive standing defense that moots the bulk of Plaintiff's claims.

Where, as here, a stay is predicated on a pending Supreme Court case that is potentially dispositive of the bulk of Plaintiff's claims, the last two stay factors are clearly met. Under the circumstances, a stay pending the *Spokeo* decision will both facilitate the "orderly course of

---

[5] Dkt. No. 13-01339, *available at* http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/13-1339.htm.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

1  justice" and avoid undue "hardship" to Twitter by ensuring that the parties have the Supreme
2  Court's guidance on a critical threshold issue *before* proceeding with further litigation.  It would
3  be a monumental waste of time, effort, and resources for the parties and the Court to litigate this
4  case through the pleading stage and (if any claims survive) through discovery and potential class
5  certification proceedings—when the Supreme Court is poised to issue a ruling that could
6  eliminate Plaintiff's sole basis for standing and dispose of the heart of this case.

7  For this reason, numerous courts have stayed proceedings pending the outcome of *Spokeo*
8  in light of its potentially dispositive effect on the Article III standing issue.  For example, in
9  *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459 (N.D. Cal.
10 June 26, 2015), Judge Orrick granted a stay when the plaintiff relied on Fair Credit Reporting Act
11 ("FCRA") violations to assert Article III standing.  The Court explained that "[t]he question
12 presented in the *Spokeo* appeal is squarely implicated in this case" and plaintiff's "ability to
13 establish injury-in-fact without reliance on the FCRA's statutory damages provision has not been
14 tested in this case and is far from certain."  *Id*. at *24.  The Court thus held that, given the
15 potentially dispositive effect of *Spokeo*, "[i]f the case is not stayed, the Court, the parties, and the
16 absent class members . . . would all face the risk of dedicating substantial resources to
17 proceedings that may ultimately prove unnecessary."  *Id.* at *23-24.

18 Indeed, Courts across the country have granted stay motions based on similar reasoning.
19 *See Provo v. Rady Children's Hosp. San Diego*, No. 15cv0081 JM(BGS), 2015 U.S. Dist. LEXIS
20 100491, at *5 (S.D. Cal. July 29, 2015) (granting stay and explaining that "[t]he Ninth Circuit
21 opines that a violation of a statute is sufficient to satisfy the injury-in-fact requirement for Article
22 III" but "[a] contrary determination of this issue by the Supreme Court [in *Spokeo*] will likely
23 take this case in a different direction"); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264-
24 COOK/TORRES, 2015 U.S. Dist. LEXIS 87200, at *11-13 (S.D. Fla. July 6, 2015) (staying
25 Telephone Consumer Protection Act ("TCPA") action because *Spokeo* "will deal with threshold
26 issues of jurisdiction and whether this case may proceed at all"); *Duchene v. Westlake Servs.,*
27 *LLC*, No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269, at *2-3 (W.D. Pa. Oct. 13, 2015)
28 (staying TCPA action because "if Spokeo upends that present state of the law, questions

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

surrounding [plaintiff's] actual injury will slingshot to the forefront of this case, and [plaintiff's] standing will be called into question"); *Hillson v. Kelly Servs., Inc.*, No. 2:15-CV-10803, 2015 U.S. Dist. LEXIS 97958, at *1-2 (E.D. Mich. July 15, 2015) (granting stay because "*Spokeo* has the high potential to be completely dispositive of the instant case and because judicial economy favors a limited delay awaiting the *Spokeo* decision"); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692 (N.D. Cal. June 22, 2015) (staying FCRA action); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711-MCE-DAD, 2015 U.S. Dist. LEXIS 99161 (E.D. Cal. July 28, 2015) (same); *Salvatore v. MicroBilt Corp.*, No. 4:14-CV-1848, 2015 U.S. Dist. LEXIS 110025 (M.D. Pa. Aug. 20, 2015) (staying FCRA and Fair and Accurate Credit Transaction Act action pending *Spokeo* decision). This case presents the same circumstances and should also be stayed to ensure that Plaintiff can demonstrate Article III standing—under the standard to be clarified in *Spokeo*—before proceeding with further litigation that will impose substantial burdens and costs on the Court and on Twitter.[6]

Indeed, the need for the Supreme Court's guidance is heightened in this case because Plaintiff has sought class certification.[7] As the Ninth Circuit has held, *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), "[n]o class may be certified that contains members lacking Article III standing." The Supreme Court's decision on whether Article III standing requires actual harm will therefore impact the scope of any potential class in this case, which will in turn dictate the discovery, experts, and briefing needed at the class certification phase. It makes little sense to proceed with litigating the viability of Plaintiff's proposed classes when the Supreme Court's *Spokeo* ruling will necessarily impact the class certification issues in this case. *See Ramirez*, 2015 U.S. Dist. LEXIS 80692, at *3-4 ("Given that the Supreme Court's decision in

---

[6] These cases mirror others in which stays were granted due to other Supreme Court cases addressing Article III issues. *See also Munoz v. PHH Corp.*, No. 1:08-cv-0759, 2011 U.S. Dist. LEXIS 102066, at *12 (E.D. Cal. Sept. 8, 2011) (staying case pending a Supreme Court decision that promised to "provide direct authority on" the Article III standing issue in the district court's action, and thus there was "no rational reason to proceed further in this case until the standing issue has been clarified by the Supreme Court").

[7] This assumes Plaintiff's claims can proceed past the pleading stage in the first place, which Twitter disputes for all the reasons in its Motion to Dismiss.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

*Spokeo* may directly impact the Court's class certification ruling, the *Landis* [stay] factors weigh strongly in favor of staying this action pending the *Spokeo* decision").

Similarly here, Twitter should not be required to proceed through the class certification phase of this case—with all the costs and burdens that necessarily entails—when the class certification issues may be dramatically altered in the aftermath of the Supreme Court's decision.

### 2. A stay pending the *Spokeo* decision would be consistent with this Court's precedents and avoid unnecessary hardship to Twitter.

In similar circumstances, this Court has recognized that a stay is appropriate to await the result of an appeal in a pending matter raising similar issues. For example, in *Frlekin v. Apple, Inc.*, No. C 13-03451 WHA, 2014 U.S. Dist. LEXIS 74226, at *16-17 (N.D. Cal. May 30, 2014) (Alsup, J.), the Court issued a stay pending the Supreme Court's review of a recent Ninth Circuit decision, *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th Cir. 2013), because the Supreme Court's ruling could control the federal-law claims.[8] *See also Heinrichs v. Wells Fargo Bank, N.A.*, No. C 13-05434, 2014 U.S. Dist. LEXIS 72713, at *4-5 (N.D. Cal. Apr. 15, 2014) (Alsup, J.) (granting the defendant's motion to stay while awaiting potentially dispositive decisions from the relevant federal agency, in part because the action was newly filed and the parties would suffer minimal prejudice).

Twitter would face unnecessary hardship if this case proceeds before *Spokeo* is resolved. If the Supreme Court reverses the Ninth Circuit, the parties will need to determine if Plaintiff has Article III standing under whatever revised standard the Court articulates.[9] If he does not, then months of litigation efforts and decisions that this Court has entered could be rendered moot,

---

[8] While this Court in *Frlekin* did not stay the California labor law claims, those claims applied only to California residents working in Apple stores and were easily disentangled from the other claims—especially since, at the summary judgment phase, substantial discovery was already complete on the California claims—eliminating the fear that the Supreme Court ruling on the federal law claims would necessitate later duplication of effort or the need to re-do discovery. *Id.*

[9] In *In re Google, Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 172784, at *64 (N.D. Cal. Sept. 26, 2014), this Court found that based on Ninth Circuit precedent "the allegation of a violation of CIPA, like an allegation of the violation of [the Wiretap Act], is sufficient to confer [Article III] standing without any independent allegation of injury." If the Supreme Court's upcoming *Spokeo* decision invalidates the Ninth Circuit's rule, it would directly affect both the Wiretap Act and CIPA claims here, which are each premised solely on a statutory violation.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

1  resulting in a massive waste of resources for the Court and for Twitter.  Even if Plaintiff can
2  demonstrate standing under a revised Article III standard, the parties would then need to revisit
3  any issues impacted by the Supreme Court's ruling.  This could result in a need to re-depose key
4  witnesses, conduct further discovery, and re-brief class certification.

5        A stay is necessary under these circumstances to prevent the parties and the Court from
6  expending substantial efforts in litigation that may prove to be fruitless.  *See, e.g.*, *Lopez v. Am.*
7  *Express Bank, FSB*, No. CV 09-07335 SJO MANX, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17,
8  2010) (granting stay pending a decision by the Supreme Court because "[i]t would be
9  burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery
10 issues, only to find those issues moot within less than a year."); *Alvarez v. T-Mobile USA, Inc.*,
11 No. CIV 2:10-2373 WBS, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (same); *Busk*, 2013
12 WL 4786254, at *2 (granting motion to stay pending Supreme Court decision because it will
13 "promote judicial economy and allow the parties to avoid potentially unnecessary nationwide
14 discovery costs."); *Canal Properties LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005
15 U.S. Dist. LEXIS 49366, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was
16 likely to have preclusive effect and substantial litigation would likely take place during the
17 pendency of the appeal).

18       Moreover, this reasoning applies equally to the intrusion upon seclusion claim.  That
19 privacy tort is based on the same exact allegations (although not the same elements) as the two
20 wiretapping claims, and thus will likely involve overlapping discovery.  The stay should
21 accordingly apply to this entire action to ensure that motion practice, discovery, class
22 certification, and any other actions taken in relation to any claims that survive *Spokeo* can be done
23 once and correctly rather than in piecemeal fashion or re-done because of the *Spokeo* ruling.  *See,*
24 *e.g.*, *Mediterranean Enters.*, 708 F.2d at 1465 (finding that "the district court did not abuse its
25 discretion by staying the [entire] action pending receipt of the results of arbitration," despite the
26 fact that the court only sent the issues raised by counts 1, 2, and 4—and not the other counts—to
27 arbitration); *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 U.S. Dist.
28 LEXIS 13114, at *11 (N.D. Cal. Feb. 11, 2008) (granting a stay of the entire action

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

notwithstanding the fact that the claims and discovery of non-overlapping patents will be different" because "the similarity of the patents in subject matter is sufficient to warrant staying this matter in order for this Court to gain the additional knowledge of the ITC proceedings and also for this Court to benefit from litigating the four patents in this action together, rather than separately"); *San Diego Padres Baseball P'ship v. United States*, No. 99-CV-0828 W (LSP), 2000 U.S. Dist. LEXIS 10987, at *5-7 (S.D. Cal. July 13, 2000) (staying an action in its entirety despite the fact that the issue before the Ninth Circuit would only resolve one of two central issues).

### 3.     Plaintiff suffers no prejudice from a temporary stay.

As to the remaining stay factor (prejudice to the parties), in contrast to the prejudice that Twitter would suffer if forced to proceed, a stay will not impact Plaintiff, for several reasons. First, while there could be a temporary delay in resolving Plaintiff's individual claim for damages, this is not adequate ground to deny a stay, as the Ninth Circuit has recognized. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736 at *7 (N.D. Cal. Dec. 10, 2014) (holding that a "mere delay in monetary recovery is an insufficient basis to deny a stay"). This is particularly true "when the issues pending at the Supreme Court go to this Court's power to hear the case." *Duchene*, 2015 U.S. Dist. LEXIS at *11 (staying case pending a decision in *Spokeo* and noting that "having to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case").

Second, the current posture of the case and the expected length of the stay preclude any finding of prejudice. Given the early stage of this litigation, Plaintiff and his counsel have not expended significant efforts or costs in the litigation. Plaintiff will not be harmed by a stay until June (or earlier) while the parties and the Court await necessary guidance from the Supreme Court. If it turns out the *Spokeo* decision does not preclude Plaintiff from proceeding, then Plaintiff will be free to continue the litigation at that time, with no wasted efforts or prejudice to his lawsuit. In these same circumstances, multiple courts have rejected plaintiffs' claims of prejudice. *Provo*, 2015 U.S. Dist. LEXIS 100491, at *5 (noting that the Supreme Court is likely

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA

to issue a decision in *Spokeo* "within one year and neither party will be significantly prejudiced by less than one year delay."); *Ramirez*, 2015 U.S. Dist. LEXIS 80692, at *4 ("The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice").

Lastly, as explained above, given the identical factual allegations upon which all three claims are based, there is no unrelated cause of action here that would be unaffected by the *Spokeo* decision and might warrant proceeding with the case pending the Supreme Court's decision. *Cf. Murphy v. J.B. Hunt Transp. Servs.*, No. C 10-01568 WHA, 2010 U.S. Dist. LEXIS 109588, at *3-5 (N.D. Cal. Oct. 5, 2010) (Alsup, J.) (declining to stay proceedings pending California Supreme Court decision that would only affect one peripheral claim and not the three central claims in the case). Thus, there is no harm to Plaintiff by staying the entire case.

## IV.  CONCLUSION

Temporarily staying the case at this early stage while awaiting the Supreme Court's ruling on the potentially dispositive issue of Article III standing will benefit the parties, conserve the Court's resources, and promote the orderly course of justice. Accordingly, Twitter respectfully requests that this action be stayed pending a decision by the Supreme Court in *Spokeo*.

Dated: November 9, 2015

COOLEY LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
KYLE C. WONG (224021)
DEVON HANLEY COOK (262626)

/s/
Whitty Somvichian (194463)
Attorneys for Defendant
Twitter, Inc.

123305286

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS
CASE NO. 3:15-CV-04191-WHA